**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TONY MCGEE,**

                              **Plaintiff,**

  vs.                                                    **9:10-cv-238**
                                                             **(MAD/GHL)**

**MS. WEST, Correspondence Office, and MS. D.**
**CASEY, Correspondence Employee,**

                              **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**TONY MCGEE**
**08-A-6251**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**           **CHARLES J. QUACKENBUSH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Currently before the Court are Plaintiff's objections to Magistrate Judge Lowe's August 31, 2011 Report-Recommendation and Order recommending that the Court grant Defendants' motion to dismiss, but, in light of Plaintiff's *pro se* status, permit him an opportunity to file a third amended complaint.

## II. BACKGROUND

In his Second Amended Complaint filed on January 13, 2011, Plaintiff alleges that four incidents occurred while he was incarcerated at the Great Meadow Correctional Facility ("Great Meadow"), which led to theft of his personal property and which violated his First Amendment rights. *See* Dkt. No. 25. First, Plaintiff alleges that in May of 2009, he requested a clothing catalog from a company called "Bust the Move."[1] *See id.* at 5. Plaintiff claims, however, that he never received the catalog he initially ordered but he received a "new catalog in July of 2009. *See id.* Plaintiff appears to claim that the initial catalog he requested was wrongfully destroyed. *See id.*

Next, on May 11, 2009, Plaintiff claims that he sent a request to North Carolina for his birth certificate, along with a $15.00 fee. *See id.* at 4, 5. Plaintiff asserts that he never received his birth certificate and alleges that he later found out that Defendant Casey wrongfully took it out of the facility. *See id.*

Thereafter, on November 27, 2009, Plaintiff claims that he sent an item marked "legal mail" to a lawyer in Brooklyn. *See id.* at 5. Plaintiff asserts that Defendant West "steamed . . . open" the envelope and destroyed its contents. *See id.*

Finally, on October 21, 2010, Plaintiff claims that he received a "medicare catalog." *See id.* The next day, he sent a "certified mail" response to medicare marked "legal mail." *See id.* Plaintiff asserts that Defendant West "ripped open" this letter and then put it in a new envelope

---

[1] According to their website, "Bust The Move of New York, Inc. is a family business that has been in operation since 1993. Our mission is to serve the incarcerated and their family members by providing quality merchandise, competitive prices and excellent customer service." BUST THE MOVE, ABOUT US, http://www.bustthemove.com/Aboutus.aspd (last visited September 13, 2011).

2

with a new certified mail receipt. *See id.* at 4-5. Plaintiff claims that this conduct constituted "criminal tampering." *See id.* at 5.

On February 2, 2011, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 27. Defendants asserted that the Court should dismiss the action because (1) Plaintiff failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), and (2) Plaintiff fails to failed to present claims upon which relief may be granted. *See* Dkt. No. 27-1 at 5-7.

On August 31, 2011, Magistrate Judge Lowe issued a Report-Recommendation and Order recommending that the Court grant Defendants' motion, but also permit Plaintiff an opportunity to file a third amended complaint. *See* Dkt. No. 40. Specifically, applying the three factors set forth in *Hemphill v. State of New York*, 380 F.3d 680 (2d Cir. 2004), Magistrate Judge Lowe recommended that the Court find that Plaintiff failed to exhaust his administrative remedies. *See id.* at 7-8. Magistrate Judge Lowe found that (1) an administrative remedy was available to Plaintiff; (2) Defendants did not forfeit this affirmative defense by failing to raise it in their answer or pre-answer motion to dismiss; and (3) Plaintiff failed to establish special circumstances that caused his failure to comply with the grievance procedures. *See id.*

On September 6, 2011, Plaintiff filed objections to Magistrate Judge Lowe's August 31, 2011 Report-Recommendation and Order. *See* Dkt. No. 41. In his objections, Plaintiff argues that he exhausted his administrative remedies because, once his grievance was denied as "untimely," he was no longer able to pursue the grievance. *See id.* at 1. Plaintiff also seems to indicate that he was seeking advice from an attorney in Brooklyn regarding whether he should pursue a deliberate indifference claim because the "medical clinic" would not permit him to see a

doctor for an unspecified ailment. *See id.* Plaintiff claims that his time to file his grievance expired while he was waiting for an answer from this Brooklyn attorney. *See id.* at 2.

In his second objection, Plaintiff again asserts that he sustained a monetary loss of $15.00 and the theft of his personal property when Defendant Casey "intercepted" the birth certificate he requested and failed to place the item into his personal property bin. *See id.* In his third objection, Plaintiff again repeats that he suffered an "invasion of privacy and identity theft" when his certified legal mail was opened and read. *See id.* at 3. He then indicates that the mail was placed into a different certified mail envelope and mailed. *See id.*[2]

### III. DISCUSSION

**A.     Review of a magistrate judge's decision**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[2] Although Plaintiff has filed objections to Magistrate Judge Lowe's August 31, 2011 Report-Recommendation and Order, in the first paragraph of his document, Plaintiff states that he would like the Court to send him a blank complaint form as soon as possible, which seems to indicate that Plaintiff intends to file a third amended complaint if the Court affords him the opportunity to do so. *See* Dkt. No. 41 at 1.

**B.     Standard of review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (quotation omittes).

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

**C. Exhaustion requirement**

The Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal action. *See Booth*, 532 U.S. at 740-41. This "requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,'" and regardless of the subject matter of the

6

claim. *See, e.g., Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (citation omitted). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *See id.* The failure to exhaust is an affirmative defense that defendants must raise. *See Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004) (citation omitted). As an affirmative defense, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements. *See Giano,* 380 F.3d at 675 (citation omitted).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that, for an inmate to exhaust his administrative remedies, he must complete the administrative review process in accordance with the applicable state rules. *See id.* (citation omitted). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted).

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). *See* 7 N.Y.C.R.R. § 701.5(a)(1) and (b). This grievance must be filed with the IGRC within twenty-one (21) calendar days of the alleged occurrence. *See id.* § 701.5(a). An inmate may appeal an adverse decision of the IGRC to the Superintendent of the Facility. *See id*. § 701.5(c). An inmate may appeal an adverse decision at the Superintendent's level to the Central Office Review Committee ("CORC"). *See id*. § 701.5(d). "To properly exhaust administrative remedies, an inmate must file an appeal with the CORC." *Torres v. Carry*, 672 F. Supp. 338, 343 (S.D.N.Y. 2009) (citations omitted).

7

A prisoner has no independent duty to plead facts plausibly suggesting that he exhausted his available administrative remedies in order to state an actionable claim under 42 U.S.C. § 1983. *See Jones v. Bock*, 549 U.S. 199, 211-17 (2007). "[T]his is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Id.* at 216. If a prisoner chooses to plead facts regarding exhaustion, and those facts plausibly suggest that he failed to exhaust his available administrative remedies, then his complaint may be dismissed for failure to state a claim. *See id.* at 215-16.

The Second Circuit has developed a "three part inquiry" to determine whether a court should excuse an inmate for failing to fulfill the PLRA exhaustion requirement. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citation omitted). The inquiry asks (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions which prevented the plaintiff from exhausting his administrative remedies estops them from raising the defense; and (3) whether special circumstances justify the inmate's failure to comply with the exhaustion requirement. *See id.* (quotation omitted).

As Magistrate Judge Lowe correctly concluded, Plaintiff has failed to allege facts that indicate that he should be excused from the PLRA's exhaustion requirement. Although exhaustion is an affirmative defense, in his Second Amended Complaint, Plaintiff makes clear that he filed an untimely grievance and then indicates that he failed to appeal the denial of his grievance to either the Superintendent or the CORC. *See* Dkt. No. 25 at 2; Dkt. No. 25-1 at 9. As noted, Plaintiff claims that he failed to appeal the IGRC's decision to either the Superintendent or the CORC because an attorney in Brooklyn would have been prevented from timely commencing a lawsuit on his behalf if he had waited for a response from the Superintendent or CORC. *See* Dkt. No. 33 at 1; Dkt. No. 35 at 1. Plaintiff, however, failed to provide any justification or

8

"special circumstances" justifying his failure to file a timely grievance, or to appeal the denial of that grievance. *See Hairston v. LaMarche*, No. 05 civ. 6642, 2006 WL 2309592, \*6 (S.D.N.Y. Aug. 10, 2006) (citation omitted); *see also Johnson v. Kachelmeyer*, No. 03-CV-356S, 2006 WL 625837, \*7 (W.D.N.Y. Mar. 9, 2006) (citations omitted).

Finally, Magistrate Judge Lowe correctly concluded that Defendants did not forfeit this affirmative defense by failing to raise or preserve it. *See* Dkt. No. 40 at 7-8. It is beyond question that it was proper to raise this defense in a pre-answer motion to dismiss, which is what occurred in the present matter.

Based on the foregoing, the Court finds that Magistrate Judge Lowe correctly determined that Defendants' motion to dismiss the Complaint for Plaintiff's failure to exhaust his administrative remedies should be granted.[3]

---

[3] On September 14, 2011, the Court received a document that appears to be a supplemental objection to Magistrate Judge Lowe's August 31, 2011 Report-Recommendation and Order. *See* Dkt. No. 42. Although Plaintiff appears to be attempting to provide the Court with justification for his failure to file a timely grievance, the Court fails to see how the arguments made are relevant to the present matter. For example, Plaintiff appears to allege that he attempted to file an appeal of the denial of a grievance, but Defendants failed to mail his letter to the CORC. *See id.* at 1-2. The grievance to which Plaintiff refers, however, is a grievance in which Plaintiff alleged that he missed an appointment with a facility physician and requested that this appointment be rescheduled. *See id.* at 3. Plaintiff's Second Amended Complaint, however, deals exclusively with his claims of theft of personal property and violations of his First Amendment rights. As such, the Court fails to see how this new alleged instance of misconduct by Defendants would estop Defendants from asserting Plaintiff's failure to exhaust as an affirmative defense, or how it creates special circumstances justifying Plaintiff's failure to exhaust.

Further, the Court notes that if Plaintiff wishes to add a claim regarding alleged deliberate indifference to a serious medical need, he may do so in his third amended complaint, not in his objections to a Report-Recommendation and Order.

9

**D.      Failure to state a claim**

*1. Theft of personal property*

In his Complaint, Plaintiff alleges that Defendant Casey took his birth certificate "out of the Great Meadow Correctional Facility." *See* Dkt. No. 25 at 4.  In his objections, Plaintiff reiterates that, although the birth certificate arrived at Great Meadow, Defendant Casey "intercepted" it, failed to put it in his personal property, and took it "right out of the mailbag[.]" *See* Dkt. No. 41 at 2.  Further, Plaintiff claims that the catalog that he ordered from "Bust the Move" was either taken or destroyed.

As Magistrate Judge Lowe correctly held, "[e]ven an intentional deprivation of an inmate's property that is random and unauthorized does not give rise to a due process claim so long as 'adequate state post-deprivation remedies are available.'" *Dorsey v. Fisher*, No. 9:09-cv-1011, 2010 WL 2008966, *11 (N.D.N.Y. May 19, 2010) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).  Since New York law provides such a post-deprivation remedy, Plaintiff's theft of personal property claim must fail. *See id.* (citing N.Y. Ct. Cl. Act § 9 (McKinney 1989 & Supp. 2005); *Diaz v. Coughlin*, 909 F. Supp. 2d 146, 150 (S.D.N.Y. 1995) (dismissing property deprivation due process claim because inmate could bring action in Court of Claims); *McCorkle v. Juchenwicz*, No. 94 Civ. 6363(TPG), 1999 WL 163205, at *4 (S.D.N.Y. Mar. 23, 1999) (same); *Gadson v. Goord*, No. 96 Civ. 7544(SS), 1997 WL 714878, at *7 (S.D.N.Y. Nov. 17, 1997) (same); *Ifill [v. Goord*, No. 03-CV-355S], 2005 WL 2126403, at *6 [W.D.N.Y. Sept. 1, 2005] (same)).

Based on the foregoing, the Court finds that, in addition to failing to exhaust his administrative remedies, Plaintiff has failed to state a cause of action for theft of his personal property.

10

### *2. First Amendment claims*

As noted, Plaintiff claims that Defendant West opened a letter to an attorney in Brooklyn that was marked "legal mail" and destroyed the contents therein. *See* Dkt. No. 25 at 5. Further, Plaintiff alleges that Defendant West opened a letter to "medicare" and then put the letter in a new envelope with a new certified mail receipt. *See id.* at 4-5. Thereafter, Plaintiff, as mentioned above, alleges that someone wrongfully destroyed a clothing catalog that he requested. *See id.* at 5. In his objections to Magistrate Judge Lowe's August 31, 2011 Report-Recommendation and Order, Plaintiff simply reiterates the allegations contained in his Complaint. *See* Dkt. No. 41 at 1-3.

Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution. To state a claim for denial of access to the courts – in this case due to interference with legal mail – a plaintiff must allege that the defendant "took or was responsible for actions that 'hindered [the plaintiff's] efforts to pursue a legal claim.'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996)). "[I]n order to survive a motion to dismiss a plaintiff must allege not only that the defendant's alleged conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Cancel v. Goord*, No. 00 Civ. 2042, 2001 WL 303713, *4 (S.D.N.Y. Mar. 29, 2001) (citing *Lewis*, 518 U.S. at 353, 116 S. Ct. at 2181).

In addition to the right of access to the courts, the First Amendment protects a prisoner's right to the free flow of incoming and outgoing mail. *See Heimerle v. Atty. Gen.*, 753 F.2d 10,

11

12-13 (2d Cir. 1985). Restrictions on prisoners' mail are justified only if they "further[ ] one or more of the substantial governmental interests of security, order, and rehabilitation . . .[and] must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986) (internal citations and quotation marks omitted). In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989); *Washington*, 782 F.2d at 1138-39; *Davidson v. Scully*, 694 F.2d 50, 53 (2d Cir. 1982). To state a valid First Amendment "free speech" claim involving incoming legal mail, the plaintiff must allege that prison officials regularly and unjustifiably interfered with the incoming legal mail. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citation omitted).

The Second Circuit has held that "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *Id.* at 351 (citation omitted). Further, the Circuit has noted that such a claim "generally require[s] specific allegations of invidious intent or of actual harm where the incidents of tampering are few and thus the implication of an actionable violation is not obvious on its face." *Id.* at 351-52 (citations omitted).

In the present matter, Magistrate Judge Lowe correctly held that "Plaintiff fails to allege facts plausibly suggesting that any Defendant took actions, with regards to Plaintiff's mail, that were so numerous and/or severe as to either (1) rise to the level of a regular or ongoing interference with Plaintiff's incoming or outgoing legal mail, or (2) chill Plaintiff's right of access

to the courts or legal representation." *See* Dkt. No. 40 at 11 (citing *Cagle v. Perry*, No. 9:04-CV-1151, at *12 (N.D.N.Y. Oct. 24, 2007)); *see also Davis*, 320 F.3d at 352 (holding that the plaintiff's "allegations of two instances of mail interference are insufficient to state a claim for denial of access to the courts because [the plaintiff] has not alleged that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions. . . . Similarly, [the plaintiff] fails to state a constitutional claim for violating his right to send and receive legal mail because he alleges neither the establishment of an ongoing practice by prison officials of interfering with his mail nor any harm suffered by him from the tampering"). Moreover, Plaintiff has not indicated that this alleged interference with his legal mail led to the dismissal of an otherwise meritorious action or any other independent injury. *See Cancel*, 2001 WL 303713, at *4 (citing *Lewis*, 518 U.S. at 353, 116 S. Ct. at 2181) As noted, Plaintiff's objections merely reiterate the allegations contained in the Complaint and, therefore, fail to provide the Court with any additional support for his First Amendment claims.

Based on the foregoing, the Court finds that Magistrate Judge Lowe correctly determined that Plaintiff's Complaint fails to state plausible claims that Defendant's interfered with his mail in violation of his First Amendment rights.

**E.    Leave to amend**

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

Even though Plaintiff has admitted that he failed to exhaust his administrative remedies, in light of the special solicitude afforded to *pro se* litigants, the Court grants Plaintiff leave to amend one final time. *See Hilson v. Maltese*, No. 9:09-CV-1373, 2011 WL 767696, *2 (N.D.N.Y. Feb. 28, 2011) (granting leave to maned where the plaintiff failed to exhaust his administrative remedies).

## IV. CONCLUSION

After carefully considering Magistrate Judge Lowe's Order and Report-Recommendation, Defendants' objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lowe's August 31, 2011 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion to dismiss is **GRANTED** and Plaintiff's Second Amended Complaint is **DISMISSED**; and the Court further

**ORDERS** that Plaintiff may file a third amended complaint within **THIRTY (30) DAYS** of the date of this Memorandum-Decision and Order;[4] and the Court further

---

[4] The Court directs Plaintiff's attention to Magistrate Judge Lowe's August 31, 2011 Report-Recommendation and Order for guidance regarding the drafting of an amended complaint. *See* Dkt. No. 40 at 12.

14

**ORDERS** that, if Plaintiff fails to file a third amended complaint within **THIRTY (30) DAYS** of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall provide Plaintiff with a blank Inmate Civil Rights Complaint form; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 21, 2011
       Albany, New York

Mae A. D'Agostino
U.S. District Judge