UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TONY McGEE,

                                Plaintiff,

                                                          9:10-CV-0238

                            v.                               (MAD/GHL)

MS. WEST, *Correspondence Office*, and
MS. D. CASEY, *Correspondence Employee*,

                                Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

TONY McGEE, 08-A-6251
Plaintiff, *pro se*
Coxsackie Correctional Facility
Box 999
Coxsackie, NY 12051

HON. ERIC T. SCHNEIDERMAN                      CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Generally, Plaintiff Tony McGee alleges that Defendants West and Casey tampered with his mail.  (Dkt. Nos. 1, 16, 25, 44.) The matter is currently before the Court for screening of Plaintiff's third amended complaint. (Dkt. No. 44.)

**I.      FACTUAL AND PROCEDURAL SUMMARY**

   **A.      Summary of the Second Amended Complaint**

In his second amended complaint, Plaintiff alleged that the following four incidents occurred while he was incarcerated at Great Meadow Correctional Facility:

   **1.      May of 2009**

In May of 2009, Plaintiff requested a clothing catalog from a company. (Dkt. No. 25 at 5.) Plaintiff claimed that he never received this catalog. *Id.* However, Plaintiff stated that he received a "new" catalog and a blanket two months later. *Id.*

   **2.      May 11, 2009**

Plaintiff sent a request to North Carolina for his birth certificate. *Id.* at 4, 5. Plaintiff paid a $15.00 fee. *Id.* Plaintiff never received his birth certificate. *Id.* Plaintiff alleged that he found out later that Defendant Casey took his birth certificate out of the facility. *Id.*

   **3.      November 27, 2009**

On November 27, 2009, Plaintiff sent an item marked "legal mail" to a lawyer in Brooklyn. *Id.* at 5. He alleged that Defendant West "steamed . . . open" the envelope and destroyed the contents. *Id.*

   **4.      October 21, 2010**

On October 21, 2010, Plaintiff received a "medicare catalog." *Id*. at 4. The next day, he sent a "certified mail legal response letter to medicare." *Id.* Defendant West "ripped open" this letter and then put the letter in a new envelope with a new certified mail receipt. *Id.* at 4-5. Plaintiff alleged that this was "criminal tampering." *Id*.

### B. Defendants' Motion to Dismiss the Second Amended Complaint

Defendants moved to dismiss the second amended complaint. (Dkt. No. 27.) Defendants argued that the case should be dismissed because Plaintiff failed to exhaust administrative remedies before commencing the action. (Dkt. No. 27-1 at 5-6.) Defendants also argued that the Second Amended Complaint failed to state any claim upon which relief could be granted. *Id.* at 7.

### C. Dismissal of Second Amended Complaint

The Court granted Defendants' motion to dismiss. (Dkt. Nos. 40, 43.) The Court found that Plaintiff failed to exhaust his administrative remedies and that his failure to exhaust was not excused. (Dkt. No. 43 at 6-9.) The Court further found that Plaintiff had failed to state a claim for theft of personal property or violations of the First Amendment. *Id*. at 10-13. The Court granted leave to amend "[e]ven though Plaintiff has admitted that he failed to exhaust his administrative remedies, in light of the special solicitude afforded to *pro se* litigants . . . ." *Id*. at 14.

### D. Third Amended Complaint

On October 21, 2011, Plaintiff filed a third amended complaint. (Dkt. No. 44.) On the face of the complaint, Plaintiff admits that he did not exhaust his administrative remedies. *Id*. at 2. Plaintiff states that he did not exhaust his administrative remedies because "I am waiting to see if the Clerk has received my first amended complaint [that] was mailed on September 19, 2011." *Id*. at 3. Plaintiff complains of incidents with his mail that occurred on April 25, 2011, July 11, 2011, August 5, 2011, and about problems accessing the facility's law library. *Id*. at 4-5. The third amended complaint does not mention the 2009 and 2010 incidents discussed in the previous complaints.

**II.     ANALYSIS**

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to properly exhaust administrative remedies under the PLRA, inmates are required to complete the administrative review process in accordance with the rules applicable to the particular institution to which they are confined. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

In New York state prisons, the Department of Corrections and Community Supervision ("DOCCS") has a well-established three-step inmate grievance program ("IGP"), which is the proper procedure for exhausting most, but not all, claims. N.Y. Comp.Codes R. & Regs. tit. 7, § 701.7. First, an inmate must file a complaint with the facility's IGP clerk within twenty-one calendar days of the alleged occurrence. N.Y. Comp.Codes R. & Regs. tit. 7, § 701.5(a). A representative of the facility's inmate grievance resolution committee ("IGRC") has sixteen calendar days from receipt of the grievance to informally resolve the issue. *Id.* at (b)(1). If there is no such informal resolution, then the full IGRC conducts a hearing within sixteen calendar days of receipt of the grievance, and issues a written decision within two working days of the conclusion of the hearing. *Id.* at (b)(2). At the second step, a grievant may appeal the IGRC decision to the facility's superintendent within seven calendar days of receipt of the IGRC's written decision. *Id.* at (c). At the third step, a grievant may appeal to the Central Office Review Committee ("the CORC") within

4

seven working days of receipt of the superintendent's written decision. *Id.* at (d). "To properly exhaust administrative remedies, an inmate must file an appeal with the CORC." *Torres v. Carry*, 672 F. Supp. 2d 338, 343 (S.D.N.Y. 2009).

The Second Circuit has held that a three-part inquiry is appropriate where a prisoner has failed to exhaust his available administrative remedies. *Hemphill v. New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004). First, "the court must ask whether [the] administrative remedies [not pursued by the prisoner] were in fact 'available' to the prisoner." *Hemphill*, 380 F.3d at 686 (citation omitted). Second, if those remedies were available, "the court should ... inquire as to whether [some or all of] the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it . . . or whether the defendants' own actions inhibiting the [prisoner's] exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense." *Id.* (citations omitted). Third, if the remedies were available and some of the defendants did not forfeit, and were not estopped from raising, the non-exhaustion defense, "the court should consider whether 'special circumstances' have been plausibly alleged that justify the prisoner's failure to comply with the administrative procedural requirements." *Id.* (citations and internal quotations omitted).

**Regarding the first inquiry set forth in *Hemphill***, I note that an administrative remedy was available to Plaintiff. Plaintiff expressly states that there was a prisoner grievance procedure available to him. (Dkt. No. 44 at 2.) Plaintiff admits on the face of the third amended complaint that he did not use the available procedures to exhaust his administrative remedies. *Id*.

**Regarding the second inquiry set forth in *Hemphill***, the court is required to determine if a defendant has forfeited the affirmative defense by failing to preserve it or if a defendant took some

5

affirmative action to prevent plaintiff from using the grievance procedure, such as beating the inmate, denying the inmate grievance forms and writing implements, or threatening the inmate with retaliation. *Ruggiero v. County of Orange*, 467 F.3d 170, 178 (2d Cir. 2004). Here, Defendants did not forfeit the administrative defense of non-exhaustion by failing to raise or preserve it. Defendants preserved the exhaustion defense by raising it in their motion to dismiss. (Dkt. No. 27.) Further, there is no allegation that Defendants' own actions inhibited Plaintiff's exhaustion of remedies.

**Regarding the third inquiry set forth in *Hemphill***, justification "must be determined by looking at the circumstances which might understandably lead . . . uncounselled prisoners to fail to grieve in the normally required way." *Giano v. Good*, 380 F.3d 670, 678 (2d Cir. 2004). Here, Plaintiff has not plausibly alleged any special circumstances justifying his failure to comply with the administrative procedural requirements.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's third amended complaint (Dkt. No. 44) be dismissed without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: January 4, 2012
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge