**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TONY MCGEE,**

                                        **Plaintiff,**

        **vs.**                                                        **9:10-cv-238**
                                                                        **(MAD/TWD)**

**MS. WEST, Correspondence Office, and MS. D.**
**CASEY, Correspondence Employee,**

                                        **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**TONY MCGEE**
**08-A-6251**
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                 **CHARLES J. QUACKENBUSH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Currently before the Court are Plaintiff's objections to Magistrate Judge Lowe's January 4,

2012 Report-Recommendation recommending that the Court dismiss without leave to amend

Plaintiff's Third Amended Complaint.

### II. BACKGROUND

**A.**     **The allegations in Plaintiff's second amended complaint**

In his Second Amended Complaint filed on January 13, 2011, Plaintiff alleged that four incidents occurred while he was incarcerated at the Great Meadow Correctional Facility ("Great Meadow"), which led to the theft of his personal property and which violated his First Amendment rights.  *See* Dkt. No. 25.  First, Plaintiff alleged that, in May of 2009, he requested a clothing catalog from a company called "Bust the Move."[1]  *See id.* at 5.  Plaintiff claimed, however, that he never received the catalog he initially ordered but he received a "new catalog in July of 2009.  *See id.*

Next, on May 11, 2009, Plaintiff claimed that he sent a request to North Carolina for his birth certificate, along with a $15.00 fee.  *See id.* at 4, 5.  Plaintiff asserted that he never received his birth certificate and alleged that he later found out that Defendant Casey wrongfully took it out of the facility.  *See id.*

Thereafter, on November 27, 2009, Plaintiff claimed that he sent an item marked "legal mail" to a lawyer in Brooklyn.  *See id.* at 5.  Plaintiff asserted that Defendant West "steamed . . . open" the envelope and destroyed its contents.  *See id.*

Finally, on October 21, 2010, Plaintiff claimed that he received a "medicare catalog."  *See id.*  The next day, he sent a "certified mail" response to medicare marked "legal mail."  *See id.*  Defendant West, however, allegedly "ripped open" this letter and then put it in a new envelope with a new certified mail receipt.  *See id.* at 4-5.  Plaintiff claimed that this conduct constituted "criminal tampering."  *See id.* at 5.

---

[1] According to their website, "Bust The Move of New York, Inc. is a family business that has been in operation since 1993.  Our mission is to serve the incarcerated and their family members by providing quality merchandise, competitive prices and excellent customer service."  BUST THE MOVE, ABOUT US, http://www.bustthemove.com/Aboutus.aspd (last visited March 2, 2012).

In a September 22, 2011 Memorandum-Decision and Order, the Court accepted Magistrate Judge Lowe's recommendation to dismiss Plaintiff's Second Amended Complaint and granted him leave to replead.  *See* Dkt. No. 43.  Specifically, the Court found that Plaintiff had failed to exhaust his administrative remedies and that his failure to exhaust was not excused.  *See id.* at 6-9.  Moreover, the Court found that Plaintiff had failed to state a claim for theft of personal property or for violations of the First Amendment.  *See id.* at 10-13.  Despite these findings, however, the Court granted Plaintiff leave to amend "in light of the special solicitude afforded to *pro se* litigants[.]"  *See id.* at 14.

**B.      Plaintiff's Third Amended Complaint**

Plaintiff filed his Third Amended Complaint on October 17, 2011.  *See* Dkt. No. 44.  In this complaint, Plaintiff admits that he did not exhaust his administrative remedies.  *See id.* at 2.  Plaintiff claims that he did not exhaust his administrative remedies because he is "waiting to see if the Clerk received my first amended complaint [that] was mailed on September 19, 2011."  *See id.* at 3.  Thereafter, Plaintiff complains of incidents with his mail that occurred on April 25, 2011, July 11, 2011, August 5, 2011, and about problems accessing the prison's law library.  *See id.* at 4-5.  Plaintiff's Third Amended Complaint fails to mention the 2009 and 2010 incidents discussed in the previous complaints.

**C.      Magistrate Judge Lowe's January 4, 2012 Report-Recommendation**

In a January 4, 2012 Report-Recommendation, Magistrate Judge Lowe recommended that the Court find that (1) administrative remedies were available to Plaintiff and that Plaintiff failed to exhaust these remedies; (2) Defendants did not forfeit their exhaustion defense; and (3) Plaintiff failed to allege any special circumstances justifying his failure to comply with the administrative exhaustion requirements.  *See id.* at 5-6.  As such, Magistrate Judge Lowe recommended that the Court dismiss Plaintiff's Third Amended Complaint for his failure to exhaust his administrative remedies.  *See id.*

On January 10, 2012 and February 27, 2012, Plaintiff filed submissions in response to Magistrate Judge Lowe's Report-Recommendation.  *See* Dkt. Nos. 48, 50.  In his January 10, 2012 submission, Plaintiff indicates that he is "not opposing the dismissal" and further thanks the Court for affording him "a fair chance at a fair trial."  *See* Dkt. No. 48 at 1.  In his February 27, 2012 submission, Plaintiff objects to the dismissal of his Third Amended Complaint.  *See* Dkt. No. 50.[2]  Specifically, Plaintiff argues that he filed a grievance regarding the alleged unconstitutional conduct, which was "denied as untimely on 2/26/2010."  *See id.* at 2.  Plaintiff claims that his failure to appeal this denial is justified by the fact that he is an "uncounseled prisoner" who was not informed that he had to appeal his grievance's denial to the facility's superintendent within twenty-one days or that he had to further appeal to the Central Office Review Committee ("CORC").  *See id.*  Plaintiff claims that he believed that the Inmate Grievance Resolution Committee ("IGRC") automatically sent the denial of his grievance to the Superintendent and the CORC.  *See id.*  As such, Plaintiff claims that, pursuant to *Hemphill v.*

---

[2] The Court notes that Plaintiff's February 27, 2012 "objections" were untimely.  In light of Plaintiff's *pro se* status, however, the Court will still consider these objections.

*New York*, special circumstances justify his failure to fully exhaust his administrative remedies. *See id.*

## III. DISCUSSION

**A.     Standard of review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Exhaustion of administrative remedies**

The Prison Litigation Reform Act, ("PLRA"), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal action.  *See Booth*, 532 U.S. at 740-41.  This "requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,'" and regardless of the subject matter of the claim.  *See, e.g., Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (citation omitted).  Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings.  *See id.*  The failure to exhaust is an

affirmative defense that defendants must raise. *See Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004) (citation omitted). As an affirmative defense, it is the defendants' burden to establish that the plaintiff failed to meet the exhaustion requirements. *See Giano,* 380 F.3d at 675 (citation omitted).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that, for an inmate to exhaust his administrative remedies, he must complete the administrative review process in accordance with the applicable state rules. *See id.* at 218 (citation omitted). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted).

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the IGRC. *See* 7 N.Y.C.R.R. § 701.5(a)(1) and (b). This grievance must be filed with the IGRC within twenty-one (21) calendar days of the alleged occurrence. *See id.* § 701.5(a). An inmate may appeal an adverse decision of the IGRC to the Superintendent of the Facility. *See id*. § 701.5(c). If the inmate's appeal to the Superintendent is denied, he may appeal this adverse decision at the Superintendent's level to the CORC. *See id*. § 701.5(d). "To properly exhaust administrative remedies, an inmate must file an appeal with the CORC." *Torres v. Carry*, 672 F. Supp. 2d 338, 343 (S.D.N.Y. 2009) (citations omitted).

The Second Circuit has developed a "three part inquiry" to determine whether a court should excuse an inmate for failing to fulfill the PLRA's exhaustion requirement. *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citation omitted). The inquiry asks (1) whether the administrative remedies were available to the inmate; (2) whether the defendants' own actions

which prevented the plaintiff from exhausting his administrative remedies estops them from raising the defense; and (3) whether special circumstances justify the inmate's failure to comply with the exhaustion requirement. *See id.* (quotation omitted).

      As Magistrate Judge Lowe correctly found, the record makes clear that administrative remedies were available to Plaintiff and that Defendants are not estopped from asserting this defense. Further, as discussed, Plaintiff admits that he failed to exhaust his administrative remedies and claims that this failure was justified by the fact that he was mistaken about the appeals process and because he is an uncounselled prisoner. Plaintiff does not claim that anyone at the prison told him that he did not need to follow the formal grievance procedures and provides no reasonable justification or excuse for his failure to follow the clear grievance procedures available against prison officials. *See Haywood v. Woods*, No. 9:01-CV-225, 2007 WL 1834641, *2 (N.D.N.Y. June 25, 2007); *Toomer v. County of Nassau*, No. 07-CV-1495, 2009 WL 1269946, *3 (E.D.N.Y. May 5, 2009). As Magistrate Judge Lowe correctly found, none of the circumstances in the present matter "might understandably lead . . . uncounselled prisoners to fail to grieve in the normally required way." *Giano v. Goord*, 380 F.3d 670, 678 (2d Cir. 2004) (citation omitted). Nothing in Plaintiff's Third Amended Complaint, or even in his untimely objection to Magistrate Judge Lowe's Report-Recommendation, justify his failure to exhaust his administrative remedies. Even assuming that Plaintiff did not receive a response to his grievance until after the time required by law, as he claims, Plaintiff was still required to exhaust his administrative remedies in compliance with New York law. *See See Georee v. Morrison*, No. 06 Civ. 3188, 2007 WL 1686321, *3 (S.D.N.Y. June 11, 2007) (holding that, even when an inmate files a grievance and receives no response, he must nevertheless properly exhaust all appeals before his grievance is considered exhausted); *see also Hargrove v. Riley*, No. 04 CV 4587, 2007

WL 389003, *8 n.15 (E.D.N.Y. Jan. 31, 2007) (holding that the "lack of a response from the [Inmate Grievance Review Committee] does not excuse an inmate's obligation to exhaust his remedies through available appeals"); *Hernandez v. Coffey*, No. 99 Civ. 11615, 2006 WL 2109465, *4-*5 (S.D.N.Y. July 26, 2006) (same); *Williams v. City of New York*, No. 03 Civ. 5342, 2005 WL 2862007, *10 (S.D.N.Y. Nov. 1, 2005) (same); *Acosta v. Corr. Officer Dawkins*, No. 04 Civ. 6678, 2005 WL 1668627, *3 (S.D.N.Y. July 14, 2005) (holding that an inmate is required to appeal a grievance, even if he fails to receive a response to his grievance, in order to exhaust administrative remedies).

In some circumstances, where a prisoner has failed to satisfy the exhaustion requirement, courts will dismiss the complaint without prejudice, to give the inmate a chance to exhaust his administrative remedies and then refile his complaint.  *See, e.g., Chisholm v. New York City Dep't of Correction,* No. 08 CIV. 8795, 2009 WL 2033085, *3 (S.D.N.Y. July 13, 2009).  The Second Circuit has held, however, that "dismissal with prejudice, when remedies are no longer available, is required 'in the absence of any justification for not pursuing [such] remedies.'"  *Giano*, 380 F.3d at 675 (quoting *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004)); *see also Rodriguez v. Westchester County Jail Corr. Dep't*, 372 F.3d 485, 487 (2d Cir. 2004) (stating that "a prisoner's complaint should be dismissed with prejudice where administrative remedies were available for a reasonable length of time and were not exhausted 'in the absence of any justification'" (quotation omitted)).

As stated, Plaintiff has not alleged any facts excusing his failure to exhaust.  Since the time limits for Plaintiff to file an administrative appeal have long since passed, administrative remedies are no longer available to him.  As such, this case is precisely the kind of case that the PLRA intended to foreclose.  Accordingly, the Court finds that Magistrate Judge Lowe correctly

recommended that the Court dismiss Plaintiff's Third Amended Complaint with prejudice. *See Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 240 (W.D.N.Y. 2010) (citations omitted).

## IV. CONCLUSION

After carefully considering Magistrate Judge Lowe's January 4, 2012 Report-Recommendation, Plaintiff's objections thereto and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lowe's January 4, 2012 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's Third Amended Complaint is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Memorandum-Decision and Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 5, 2012
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

9